**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
ST-91CR57-MU
5:92CR23-MU
5:95CR08-1-MU
5:95CR21-1-MU**

| | |
|---|---|
| GUSTAV W. KLOSZEWSKI,         )<br>                              )<br>        Petitioner    )<br>                              )<br>vs.                           )<br>                              )<br>UNITED STATES OF AMERICA,     )<br>                              )<br>        Respondent.   )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's Petition for Writ of Error Coram Nobis, filed October 31, 2005; Respondent's Response to Petition for Writ of Error Coram Nobis, filed February 14, 2006; and Petitioner's Reply, filed April 6, 2006.

## PROCEDURAL BACKGROUND

Petitioner was convicted by this Court in four separate cases for: (1) conspiracy to possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) accessory after the fact to an attempted extortion, in violation of 18 U.S.C. § 3; (3) conspiracy to import into the United States at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 963; and (4) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. On May 22, 1997, this Court entered a consolidated judgment, sentencing Petitioner to 96 months' imprisonment, with the sentence on each count to run concurrently with each other and concurrently with a previously imposed sentence from the Northern District of Georgia.

In addition, the judgment also imposed a three year term of supervised release and a $ 200 fine.

On September 24, 2001, Petitioner filed a Motion to Compel pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. On December 3, 2001, this Court denied Petitioner's Motion to Compel.

On May 13, 2002, Petitioner filed a Motion to Correct Clerical Mistake in Judgment Order. In this Motion Petitioner argued that this Court had erred in failing to specify in its Judgment that the sentence imposed was not only to run concurrently with the sentence imposed in the Northern District of Georgia but also that Petitioner had been credited with time served as a result of the Georgia conviction. On October 16, 2002, this Court ordered that Petitioner's sentence "be reduced to time served already served and that he . . . be immediately released from incarceration with the Federal Bureau of Prisons." On October 25, 2002, this Court entered an Amended Judgment sentencing Petitioner to time served and a three year term of supervised release on each count to run concurrently with each other and with the term of supervision previously imposed in the Georgia case.

On June 18, 2004, pursuant to 18 U.S.C. § 3605, this Court transferred jurisdiction to the United States District Court for the Southern District of Florida for supervised release revocation proceedings. These proceedings resulted in the revocation of Petitioner's supervised release, and Petitioner was sentenced to 60 months' imprisonment for two of the charges upon which he was convicted in this Court and 24 months' imprisonment on the other two offenses of conviction, with all sentences to run concurrently. Petitioner appealed this ruling which was affirmed by

the United States Court of Appeals for the Eleventh Circuit on January 24, 2005.

Petitioner also filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida challenging the five year sentence imposed by that court. In his Motion to Vacate Petitioner argued that the district court issued an illegal sentence when it sentenced him in excess of that allowable by Title 18 U.S.C. § 3583(e)(3). On February 8, 2006, Petitioner appealed the denial of his § 2255 motion. Petitioner's appeal is currently pending.

In the meantime, Petitioner filed the instant Petition for Writ of Error Coram Nobis in this Court arguing that this Court's Amended Judgment was improper in that it imposed a new term of supervised release and a new financial assessment which was tantamount to increasing his sentence. In particular, Petitioner argues that the purpose of the Amended Judgment was to give effect to the October 16, 2002, Order of the Court and that said Order did not call for the imposition of a term of supervised release. Petitioner requests that this Court void its June 18, 2004, transfer of jurisdiction Order and terminate his sentence.

## **ANALYSIS**

A writ of error coram nobis may be used "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice" and "where no other remedy [is] available." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). The United States Supreme Court has explained that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular

3

issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). The Court went on to note that in light of the "enactment of the Federal Rules of Criminal Procedure, "it is difficult to conceive of a situation where [a writ of error coram nobis] would be necessary or appropriate." Id. (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)(brackets in original).

Because Petitioner is in custody a writ of error coram nobis is not the proper collateral vehicle for him to challenge his incarceration. Petitioner argues that because this Court ordered that his sentence be reduced to "time served" he is no longer in custody under the terms of that sentence. Petitioner is mistaken. Upon his release from incarceration Petitioner was on supervised release. Supervised release clearly constitutes "custody" for coram nobis purposes. See United States v. Smith, 77 Fed. Appx. 180 (4th Cir. 2003)("[coram nobis petitioner] is in federal custody by virtue of his supervised release status"). Petitioner's current incarceration for violating his supervised release clearly does not change his custody status for coram nobis purposes. While this Court understands that Petitioner is contending that he should not have been on supervised release, such an argument does not affect his custody status. To conclude otherwise would be akin to stating that an inmate is not in custody because he contests the validity of his conviction. Such an argument completely undermines the "not in custody" requirement set forth in coram nobis case law. Because Petitioner is currently in custody pursuant to the sentence he is attacking his Writ of Coram Nobis is dismissed. See United States v. Smith, 77 Fed. Appx. 180 (4th Cir. 2003)(dismissing petition for writ of error coram nobis after determining that petitioner was in custody).

Moreover, the above discussion is academic because Petitioner raised this issue in the United States Court of Appeals for the Eleventh Circuit when he appealed the revocation of his supervised release. The Eleventh Circuit evidenced little difficulty in dispensing with this argument:

> According to Kloszewski, the district court eliminated any term of supervised release when it reduced his original sentence to time served. . . . Although the district court reduced Kloszewski's sentence to time served, the amended judgment specifically stated that Kloszewski was still subject to three years' supervised release upon his release from prison.

Therefore the argument he now makes is barred by the doctrine of res judicata.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Petition for Writ of Error Coram Nobis is **DENIED**.

Signed: May 31, 2006

Graham C. Mullen
United States District Judge